**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, Plaintiff, v. DOROTHEA CARTER, *et al.*, Defendants. | Civil Action No.: 17-4201 (JLL) **OPINION** |

**LINARES,** Chief District Judge.

This matter comes before the Court by way of Plaintiff Nationstar Mortgage LLC's Motion to Reinstate and Remand the Action to the Superior Court of New Jersey, Essex County. (ECF No. 7). *Pro se* Defendant Dorothea Carter filed a separate Motion to Reinstate the Case and for Reconsideration. (ECF No. 8). The Court construes Defendant's Motion as an opposition to Plaintiff's Motion to Remand and as a Motion for Reconsideration. Plaintiff filed a brief in opposition to Defendant's motion and in further support of its Motion to Reinstate and Remand the Action. (ECF No. 9). The Court has read the submissions of the parties and considers this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants the parties' Motions to Reinstate the matter, denies Defendant's Motion for Reconsideration, and grants Plaintiff's Motion to Remand.

## I. BACKGROUND

On April 25, 2017, Plaintiff opened this foreclosure action in the Superior Court of New Jersey, Essex County, Chancery Division. (ECF No. 1-2 at 3). On June 12, 2017, Defendant

removed the matter to this Court. (ECF No. 1). In the Notice of Removal, Defendant sets out what appear to be various federal counterclaims, including violations of Defendant's constitutional rights, the Fair Debt Collection Practices Act, the Consumer Credit Protection Act, and the Truth in Lending Act. (ECF No. 1 ¶ 24). On September 15, 2017, this Court then issued a Notice of Call for dismissal pursuant to Local Civil Rule 41.1(a), as the case had been pending for more than 90 days without either party initiating any proceedings. (ECF No. 2). The Rule 41.1 Notice informed the parties that the matter would be dismissed on September 25, 2017. (*Id.*). Neither party took any action and the Court dismissed the case for lack of prosecution pursuant to Local Civil Rule 41.1 on September 27, 2017. (ECF No. 3). Defendant then moved for default and summary judgment, which this Court denied as moot, as it had already dismissed the case. (ECF Nos. 4, 5). On December 6, 2017, Plaintiff filed the instant motion requesting that this Court reinstate the matter and remand it to the Superior Court of New Jersey. (ECF No. 7).

## II. DISCUSSION

Both parties request that this Court reinstate the matter. (ECF No. 7 at 9, ECF No. 8-1 at 3). As such, this Court will reinstate the matter and proceed to whether this case properly sits in federal court.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court." Federal courts have original jurisdiction over cases presenting federal questions. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). It follows that a federal

question "appearing in a counterclaim is insufficient to establish federal question jurisdiction before this Court." *Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, Civl Action No. 15-cv-5303 (PGS)(TJB), 2015 WL 4603715, at *2 (D.N.J. July 30, 2015) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002)). Thus, the federal counterclaims raised by Defendant in her Notice of Removal do not confer jurisdiction over this action upon the Court.

Federal courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). However, a defendant that is a citizen of the state in which the action is brought may not remove that action on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Defendant is a citizen of New Jersey, (ECF No. 1-1), and thus may not remove this action to federal court on the basis of diversity jurisdiction.

While this Court is aware of the latitude afforded *pro se* pleadings, *see, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Defendant's removal of this foreclosure action to federal court was clearly improper. As such, this Court will remand this case to the Superior Court of New Jersey, Essex County, Chancery Division.

Finally, Defendant's Motion for Reconsideration is similarly without merit. Defendant asks this Court to reconsider its prior dismissal of this action pursuant to Local Civil Rule 41.1. Local Civil Rule 7.1(i) permits a party to seek reconsideration by the court of matters "which [it] believes the [Court] has overlooked" when it ruled on the motion. The movant must show either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)

(citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). As shown above, this Court is without jurisdiction over this matter, and Defendant's Motion for Reconsideration is denied.

### III. CONCLUSION

For the aforementioned reasons, the Court grants both parties' Motions to Reinstate, grants Plaintiff's Motion to Remand, and denies Defendant's Motion for Reconsideration. An appropriate Order accompanies this Opinion.

Dated: February 13, 2018

JOSE L. LINARES
Chief Judge, United States District Court